IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Walkinshaw,<br><br>        Plaintiffs,<br><br>v.<br><br>City of Tucson,<br><br>        Defendants. | No. CV 02-170-TUC-FRZ<br><br>**ORDER** |

This action commenced with the filing of the original Complaint on April 1, 2002.

With leave of Court, Plaintiff's First Amended Complaint was filed December 3, 2002, alleging four separate counts of employment discrimination.

Counts One and Two allege employment gender pay discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ; Count Two alleges a violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1); and Count Four alleges retaliation in violation of Title VII.

Before the Court for consideration is Defendant's Motion for Summary Judgment.

This matter was referred to the United States Magistrate Judge for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2, Rules of Practice of the United States District Court for the District of Arizona.[1]

---

[1] The Rules of Practice of the United States District Court for the District of Arizona, Local Rules of Civil Procedure, were amended effective December 1, 2004. The provisions of former Local

Magistrate Judge James C. Carruth issued his Report and Recommendation, filed July 2, 2004, which includes a thorough factual and procedural history of this action and provides a legal analysis and discussion of each matter at issue.

Magistrate Judge Carruth recommends that the Court, after its independent review, deny Defendant's Motion for Summary Judgment on the Equal Pay Act and Title VII gender discrimination claims and grant Defendant's Motion for Summary Judgment on the Title VII retaliation claim.

Plaintiff and Defendant filed separate objections to the Report and Recommendation. No responses were filed thereto.

Plaintiff objects to the Magistrate Judge's recommendation on the basis the Magistrate Judge improperly concluded that Plaintiff's retaliation claim is premised on the failure to open or create a new position and that she did not express her opposition to gender based wage discrimination before she filed her first charge of discrimination.

Defendant objects to the Magistrate Judge's recommendation on the basis that the evidence that the Magistrate Judge considered in making his determination that there were issues of material questions of fact was vague and insubstantial and without foundation, and thus inadmissible in court.

After carefully considering the Report and Recommendation, all filings, including the objections filed by the Plaintiff and the Defendant, the Court shall adopt in part, and reject in part, the Report and Recommendation of the Magistrate Judge. The Court finds that Plaintiff has "set forth specific facts showing that there is a genuine issue for trial,'" to substantiate all claims as alleged in the First Amended Complaint. *Porter v. California Dept. of Corrections*, 419 F.3d 885, 891 (2005) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505 (1986).

As explained by the Ninth Circuit in an employment discrimination action:

---

Rules 1.16 and 1.17 can be found at LRCiv 72.1 and LRCiv 72.2, as amended.

> At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents. *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir.2001)("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 485 (9th Cir.1991)("the nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment.")(internal quotation marks and citation omitted).

*Fraser v. Goodale*, 342 F.3d 1032, 1036-377 (9th Cir.2003), *cert. denied sub nom.* U.S. Bancorp v. Fraser, --- U.S. ----, 124 S.Ct. 1663, 158 L.Ed.2d 358 (2004); *see also Hughes v. United States*, 953 F.2d 531, 543 (9th Cir.1992); *Fonseca Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004).

Under the standards set forth by the Ninth Circuit in reviewing a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, and the substantive areas of law at issue, the Court finds it inappropriate to grant judgment as a matter of law on the matters presented at this time.

Based on the foregoing,

The Court, having made an independent review of the record herein, orders as follows:

**IT IS ORDERED** that Magistrate Judge Carruth's Report and Recommendation [Doc. # 160] is hereby **ACCEPTED** in part and **ADOPTED** in part as the findings of fact and conclusions of law by this Court as to Counts One, Two and Three of the First Amended Complaint;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation is rejected as the findings of fact and conclusions of law as to Count Four of the First Amended Complaint;

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 136] is **DENIED**;

**IT IS FURTHER ORDERED** that the Parties shall file a proposed Joint Pretrial Order **on or before June 30, 2006**;

**IT IS FURTHER ORDERED** that this matter is set for **Pretrial Conference**, **Monday, July 17, 2006, at 2:00 p.m.**;

1  **IT IS FURTHER ORDERED** that motions in limine shall be filed no later than the date
2  of filing the proposed Joint Pretrial Order;

3  **IT IS FURTHER ORDERED** that responses to motions in limine are due ten (10) days
4  after the filing of the motion.  No replies are permitted.  Any hearing on motions in limine will
5  be set at the Pretrial Conference for later hearing;

6  **IT IS FURTHER ORDERED** that the trial date in this matter will be set at the Pretrial
7  Conference.

9  DATED this 3rd day of April, 2006.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge